UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Debra J. Renfrow,

        Plaintiff,

v.

Jo Anne B. Barnhart, Commissioner
of Social Security,

        Defendant.

Civil No. 04-4883 (DWF/AJB)

**ORDER ON PARTIES'
CROSS-MOTIONS FOR
SUMMARY JUDGMENT
AND MEMORANDUM**

---

Edward C. Olson, Esq., Olson Law Office, counsel for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Defendant.

---

      This matter is before the Court upon Plaintiff's objections to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated December 13, 2005, recommending that Plaintiff's motion for summary judgment be denied and that Defendant's motion for summary judgment be granted.

      The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.    Plaintiff Debra J. Renfrow's objections (Doc. No. 24) to Magistrate Judge Arthur J. Boylan's Report and Recommendation dated December 13, 2005, are **DENIED**.

2.    Magistrate Judge Arthur J. Boylan's Report and Recommendation dated December 13, 2005 (Doc. No. 22), is **ADOPTED**.

3.    Plaintiff Debra J. Renfrow's motion for summary judgment (Doc. No. 12) is **DENIED**.

4.    Defendant Jo Anne B. Barnhart's motion for summary judgment (Doc. No. 19) is **GRANTED**.

Dated:  March 7, 2006              s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             Judge of United States District Court

**MEMORANDUM**

The Court has concluded the findings and conclusions of the Report and Recommendation of Magistrate Judge Arthur J. Boylan are not post hoc rationalizations for the Commissioner's decision, as suggested by Plaintiff.  Rather, a work ability evaluation completed in December 2001 indicated that Plaintiff could perform sedentary and very light work.  (T. 254.)  The vocational expert ("VE") at the administrative hearing was asked a

hypothetical by the Administrative Law Judge ("ALJ").  The VE replied that a person under the hypothetical would not be able to perform Plaintiff's past relevant work.  However, the VE went on to explain that there were a significant number of jobs in the national economy that a person with the limitations set forth in the hypothetical could perform, stating that, "[You would] have to look at the sedentary level of work and you have to look into things like information clerks, customer service clerks, those types of occupations."

The ALJ concluded that Plaintiff could not perform her past relevant work but would be restricted to sedentary work with certain restrictions.  These findings, as noted by the Magistrate Judge, are not challenged by the Plaintiff.  Relying on the testimony of the VE, the ALJ concluded that there were significant jobs in the national economy that Plaintiff would be able to perform.  The ALJ observed that examples of such work would include information clerk with 15,000 jobs and customer service clerk with 30,000 jobs.  Accordingly, the ALJ found that the Commissioner had met her burden and that the Plaintiff was not disabled within the meaning of the Social Security Act at any time prior to June 30, 2002.

The Court finds and concludes that the analysis by Magistrate Judge Boylan at pages 7-9 of his Report and Recommendation are consistent with the record before the Court.  In other words, the VE specified that he was referring to information clerks that were within the sedentary activity level.  Because there are occupations within the Directory of Occupational Titles ("DOT") listed as information clerks that are consistent with the limitations imposed by the ALJ, there is no conflict between the DOT and the VE's

testimony. Consequently, the ALJ could properly rely on the VE's opinion since there are approximately 15,000 jobs for information clerk within the national economy. The Court also concludes, as Magistrate Judge Boylan did, that there is no conflict between the VE's testimony and the DOT regarding the exertional level of information clerks and customer service clerks. Consequently, the ALJ's finding that the Plaintiff failed to meet the criteria for disability insurance benefits under the regulations of the Social Security Administration is based on substantial evidence. For these reasons, the Court has granted Defendant's motion for summary judgment and denied Plaintiff's motion for summary judgment.

D.W.F.